UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE WITH DISABILITIES FOUNDATION,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN,<br><br>   Defendant. | Case No. 15-cv-02570-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 20 |

Pending before the Court is the Social Security Administration's ("Agency") motion to dismiss Plaintiff People with Disabilities Foundation's first amended complaint. Having reviewed the arguments submitted in the papers and at the hearing, the Court GRANTS the motion to dismiss with leave to amend.

## I. FACTUAL ALLEGATIONS

Plaintiff filed the operative complaint on September 28, 2015. Dkt. No. 19 ("FAC"). Plaintiff is a § 501(c)(3) public, charitable organization that employs salaried staff attorneys, who assist Plaintiff's legal director Steven Bruce in representing clients who claim Social Security disability benefits. FAC at 2. The attorneys sign a single fee agreement, and the fees are paid to Plaintiff through the primary client representative, Steven Bruce, and are deposited into Plaintiff's operating account. *Id.* at 2-3.

The operative complaint alleges that the Agency failed to pay attorneys' fees in full despite an Administrative Law Judge's ("ALJ") order approving attorneys' fees. FAC at 3. Plaintiff alleges that, under the social security regulations, it was entitled to direct payment of fees once (1) the ALJ approved the fees, and (2) there was no protest to the fee resulting in an unfavorable administrative fee appeal. *Id.*

Plaintiff contends it successfully represented eight claimants in their social security cases before the Agency. *Id.* at 5. In each case, an ALJ approved an award of attorneys' fees, and in each case, the Agency paid only a portion or none of the award. *Id.* at 3-7. Plaintiff argues that the Agency should have withheld the claimants' past due benefits and used these withheld amounts to pay attorneys' fees directly to Plaintiff, *id.* at 5.

Plaintiff has pled four "claims for relief." First, it seeks injunctive relief against the Agency contending that it continues to refuse to pay the fees and that Plaintiff does not have an adequate remedy at law and has suffered damage. *Id.* at 11-12. Second, Plaintiff seeks declaratory relief against Defendant. *Id.* at 13. Third, Plaintiff seeks a writ of mandamus against the Agency compelling it to pay the fees within 10 days of the writ; it alleges that the Agency has a ministerial, non-discretionary duty to pay attorney fees within a reasonable time. *Id.* at 14-15. Plaintiff also contends that it "has fully exhausted its remedies in attempting to receive these attorney fees, and Plaintiff has no other adequate remedy available." *Id.* at 15. Finally, Plaintiff contends there is a violation of due process, alleging:

> Defendant uses a nonpublic (secret) adjudication channel from its payment center to a 'Chief Regional Administrative Judge' without affording the parties a meaning [sic] opportunity to be heard . . . A primary motivating SSA purpose is to discourage attorneys from representing the disabled claimants before ALJ proceedings. Specifically, the SSA is in violation of a Congressional mandate authorized in OBRA 1990 to encourage attorneys to represent the disabled population before the SSA. Claimants Attorneys through the present can contract with a claimant to charge the lesser of 25% or $6,000.00 of the retroactive benefits owed. The SSA has been conducting a campaign to make it more difficult for attorneys by making them itemize fee petitions which Congress does not necessarily require.

*Id.* at 15-16.

On October 23, 2015, the Agency filed a motion to dismiss the complaint under Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6).

## II.  LEGAL STANDARD

### A.   Rule 12(b)(1)

Rule 12(b)(1) allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to

2

1  establish that the Court has subject matter jurisdiction over an action. *See Assoc. of Am. Medical*
2  *Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins.*
3  *Co. of America*, 511 U.S. 375, 376-78 (1994).

4  "A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack
5  federal jurisdiction either 'facially' or 'factually.'" *Thornhill Publishing Co., Inc. v. General Tel.*
6  *& Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In resolving a "facial" attack, a court limits its
7  inquiry to a plaintiff's allegations, which are taken as true, and construes the allegations in the
8  light most favorable to the plaintiff. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th
9  Cir. 2004); *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

10  In contrast, "[i]n resolving a factual attack on jurisdiction, the district court may review
11  evidence beyond the complaint without converting the motion to dismiss into a motion for
12  summary judgment." *Safe Air*, 373 F.3d at 1039.

> Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

16  *Id.* (internal quotation marks omitted)).

### B. Rule 12(b)(6)

18  Under Rule 12(b)(6), a motion to dismiss should be granted if plaintiff fails to proffer
19  "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,
20  550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual
21  content that allows the court to draw the reasonable inference that the defendant is liable for the
22  misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23  In determining whether a complaint states a claim, all allegations of material fact "are
24  accepted as true, as well as all reasonable inferences to be drawn from them." *Navarro v. Block*,
25  250 F.3d 729, 732 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.
26  1996) (holding that the allegations must be "construed in the light most favorable to the
27  nonmoving party"). "A complaint should not be dismissed unless a plaintiff can prove no set of
28  facts in support of his claim which would entitle him to relief." *Cahill*, 80 F.3d at 338.

When considering a 12(b)(6) motion, the Court generally may not consider materials outside of the pleadings. *Lee v. City of Los Angeles*, 350 F.3d 668, 688 (9th Cir. 2001). There are two exceptions, however: the Court may look beyond the complaint to undisputed facts subject to judicial notice, including matters of public record, and the Court may consider materials not attached to the complaint "if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Id.* at 688. The Court may examine these materials without converting the motion to one for summary judgment. *Id.*

## III.    REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, the Court addresses the Agency's requests for judicial notice. *See* Dkt. No. 20, 24. The Agency seeks judicial notice of three documents attached to its motion: (1) the Agency's Hearing Appeals Litigation and Law Manual ("HALLEX") provisions concerning representative fees; (2) the Agency's Program Operations Manual System ("POMS"); and (3) IRS Revenue Procedure 92-95, 1992-2 C.B. 411. Dkt. No. 20-1. Additionally, it seeks judicial notice of two documents attached to its reply: (1) the August 13, 2015 Amended Authorization to Charge and Collect Fee regarding Claimant Golitsyn; and (2) provision I-1-2-49 of the HALLEX. Dkt. No. 24-1.

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court takes judicial notice of the POMS, HALLEX, and IRS procedure provisions attached to the motion to dismiss, Dkt. No. 20-1, as well the HALLEX provision attached to the reply. These documents are not reasonably subject to dispute, and are a matter of public record available on the Agency's website. *See Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies."); *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014) (taking judicial notice of FDA's guidance document because the document was available on the agency's website); *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 139 n.2 (N.D. Cal. 2015) (taking judicial notice of the agency manuals,

rules, and policies); *Indep. Living Ctr. v. City of Los Angeles*, 973 F. Supp. 2d 1139, 1155 (C.D. Cal. 2013) (taking judicial notice of HUD's manuals located on agency's website).

The Court, however, finds no basis for granting the judicial notice request as to the letter the Agency purportedly sent to Golitsyn, titled the Amended Authorization to Charge and Collect Fee. *See Lee*, 250 F.3d at 689 ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'"). Moreover, although the Court may take judicial notice of documents referenced in the complaint, assuming their authenticity is uncontested, *id.* at 688-89, this letter does not qualify. The complaint references an August 12, 2015 letter sent to Plaintiff, whereas the letter attached to the Agency's reply is dated August 13, 2015. For these reasons, the request for judicial notice of the Amended Authorization to Charge and Collect Fee is denied.

Plaintiff has attached several declarations and exhibits to its response, but has not requested that the Court take judicial notice of the documents. *See* Dkt. No. 23-1. Accordingly, the Court only considers these attachments with respect to the Agency's Rule 12(b)(1) motion to dismiss, and not the 12(b)(6) motion. *See Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

## IV. ANALYSIS

Although Plaintiff's complaint expressly identifies only "claims for relief," and no causes of action, for the purposes of its analysis, the Court construes the allegations to assert two causes of action: (1) failure to follow requirements under the Social Security Act for payment of attorneys' fees, and (2) a due process violation. Within this framework, the Court first examines whether it has subject matter jurisdiction to consider Plaintiff's first cause of action, concluding that it does not. Next, the Court examines whether Plaintiff has stated a claim supporting its second cause of action, and finds that it has not. For the reasons stated below, the Agency's motion to dismiss is GRANTED with leave to amend.

### A. Subject-Matter Jurisdiction

Defendant contends that this Court lacks subject-matter jurisdiction because Plaintiff's claims are barred by the doctrine of sovereign immunity. It argues that the United States has no liability for the payment of attorneys' fees absent the express waiver of sovereign immunity.

"The United States, as a sovereign, is immune from suit unless it has waived its immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). "The United States must waive its sovereign immunity before a federal court may adjudicate a claim brought against a federal agency." *Rattlesnake Coal. v. U.S. E.P.A.*, 509 F.3d 1095, 1103 (9th Cir. 2007). Otherwise, the court lacks subject matter jurisdiction over the claims. *Id.* "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189 (9th Cir.1970).

The FAC asserts jurisdiction under various federal statutes, including the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA"); the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; federal question jurisdiction, 28 U.S.C. § 1331; and mandamus, 28 U.S.C. § 1361. The FAC, however, fails to allege that the United States has waived its sovereign immunity under any statute.

### 1. Social Security Act

The Social Security Act contains no waiver of immunity by the United States. The Social Security Act has two attorney fee provisions: one governs an attorney's representation before the Agency, 42 U.S.C. § 406(a); the second governs the attorney's representation before the court, § 406(b). This case relates to the first provision, as Plaintiff's representation of each claimant occurred before the Agency.

Section 406(a) provides "whenever the Commissioner of Social Security . . . makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim." § 406(a)(1) (referred to as "fee petition process"). Section 406(a) also prescribes limits regarding the *amount* of attorneys' fees awarded when there is a fee agreement between the claimant and representative, requiring the

6

Agency to approve the agreement as long as the section's requirements are met. § 406(a)(2) (referred to as "fee agreement process"). Furthermore, § 403(a)(3) provides a process by which the claimant or representative may seek *administrative* review of the "*amount* which would otherwise be the maximum fee as determined under [§ 406(a)(2)]." § 403(a)(3) (emphases added).

Contrary to Plaintiff's contention at the hearing, nothing in the provisions of § 406 constitutes the United States' express statutory consent to be sued, allowing this Court to enforce a fee award granted by the ALJ. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) ("[W]aivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied"); *see also Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) ("Section 406 'cannot be construed as a waiver of immunity' because it 'contemplates payment of the fee award by the *claimant*, out of past-due benefits, rather than by the government, out of general funds.'"); *In re Handel*, 570 F.3d 140, 144 (3d Cir. 2009) ("[42 U.S.C. § 406] is not a waiver of sovereign immunity, but rather a statutory interference with the attorney client contractual relationship which would otherwise be determined by the marketplace for legal services.").

For these reasons, the Social Security Act does not constitute an unequivocal waiver of sovereign immunity conferring jurisdiction on this Court to consider the first claim.

### 2.   Administrative Procedures Act

The APA provides a waiver of sovereign immunity for plaintiffs seeking equitable relief against the United States government. *See* 5 U.S.C. § 706(1) & (2); *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998). Section 702, the APA's judicial review provision, "permits a citizen suit against an agency when an individual has suffered 'a legal wrong because of agency action'. . . ." *Rattlesnake Coalition v. United States EPA*, 509 F.3d 1095, 1103 (9th Cir. 2007) (quoting 5 U.S.C. § 702). In relevant part, § 702 provides:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

§ 702. Section 704 describes the types of reviewable actions; it provides:

7

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

§ 704.  Finally, § 706 "prescribes standards for judicial review and demarcates what relief a court may (or must) order." *Rosemere Neighborhood Ass'n v. United States EPA*, 581 F.3d 1169, 1172 n.2 (9th Cir. 2009).  When a plaintiff asserts an agency's failure to act, a court can grant relief by compelling "agency action unlawfully withheld or unreasonably delayed."  § 706(1).

The APA waives sovereign immunity "only if three conditions are met: (1) its claims are not for money damages, (2) an adequate remedy for its claims is not available elsewhere and (3) its claims do not seek relief expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998).  Moreover, to invoke the APA's jurisdiction, Plaintiff must show that: "(1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty.  Once a petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to 'compel agency action unlawfully withheld or unreasonably delayed.'" *Gelfer v. Chertoff et al.*, 2007 WL 902382 at *1 (N.D. Cal. 2007), *citing Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton*, 542 U.S. at 64.

Here, Plaintiff alleges "that Defendant failed to deliver the total amount of awarded attorneys' fees."  Plaintiff seeks a permanent injunction enjoining the Agency from "depriving Plaintiff of fees properly approved by the SSA for work performed before the SSA," declaratory relief stating that Defendant shall pay Plaintiff fees properly approved by the Commissioner," and a writ of mandamus compelling payment of fees owed.  FAC at 14.  At least facially, these constitute equitable claims for relief, not monetary damages, and fall within the APA's scope. *See Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 524 (9th Cir. 1989) ("[T]he

8

amendment to § 702 was designed to 'strengthen this accountability by withdrawing the defense of sovereign immunity in actions seeking relief other than money damages, such as an injunction, declaratory judgment, or writ of mandamus.'").

That being said, the Court finds that the APA does not provide a basis for suit in this case because Plaintiff has failed to allege a nondiscretionary duty to act. Plaintiff has pointed to nothing in the Social Security Act that requires a federal agency to take discrete and specific action with regard to *how* the Agency pays attorneys' fees. *See Norton*, 542 U.S. at 64 (APA "empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing *how* it shall act'" (emphasis added)). As Plaintiff acknowledged at the hearing, Plaintiff can obtain its fees from the Agency *or* the claimant. Because there is no support for the argument that the Agency *must* pay the representative directly, sovereign immunity is not waived through the APA.

### 3. Federal Question Jurisdiction, Mandamus, and Declaratory Judgment Act

Plaintiff's reliance on §§ 1331, 1361, and 2202 cannot overcome the sovereign immunity hurdle. Section 1331 is merely a jurisdictional statute; it does not waive the United States' sovereign immunity for all causes of action simply because they arise under federal law. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (holding that § 1331 "by itself [cannot] be construed as constituting a waiver of the government's defense of sovereign immunity."). Similarly, the Mandamus Act's grant of jurisdiction over mandamus actions does not constitute a waiver of sovereign immunity. *See Pit River Home & Agric. Co-op Ass'n v. United States*, 30 F.3d 1088, 1098 n. 5 (9th Cir. 1994). Finally, the Declaratory Judgment Act also does not provide an independent basis for jurisdiction; it merely enlarges the range of remedies a federal court may award. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

\*   \*   \*

Because Plaintiff has identified no valid basis for waiving the United States' sovereign immunity, the Court DISMISSES Plaintiff's first cause of action alleging violations under the Social Security Act for the payment of attorneys' fees. The dismissal is without prejudice.

9

Plaintiff's second amended complaint must identify a specific nondiscretionary duty and its legal source. The legal source must specifically identify the source of the Agency's duty to pay representatives directly (as opposed to representatives obtaining payment from the claimant). A cite to the Agency's general duty to award attorneys' fees, or to § 406 without more, will not suffice. Failure to comply will result in dismissal of this claim with prejudice.

### B. Due Process Claims

Under *Califano v. Sanders*, 430 U.S. 99, 108 (1977), colorable constitutional claims are an exception to the doctrine of sovereign immunity. *See also Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The Court explained that federal subject matter jurisdiction exists 'where the . . . denial of a petition to reopen is challenged on constitutional grounds.'"); *De Lao v. Califano*, 560 F.2d 1384, 1391 (9th Cir. 1977). "[T]he *Sanders* exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) ("[A] constitutional claim must 'implicate a due process right to a meaningful opportunity to be heard.'"); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950 )("[T]here can be no doubt that at a minimum [due process] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."). A due process challenge "must be supported by facts sufficient to state a violation of substantive or procedural due process." *Klemm*, 543 F.3d at 1144 (citations and internal quotation marks omitted). "A 'mere allegation of a due process violation' is not a colorable constitutional claim." *Id.* (quoting *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000)). "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id.* (internal quotation marks omitted).

Plaintiff claims it was deprived of due process. It argues that the Agency violated the Fifth Amendment by refusing to pay attorneys' fees, by changing two prior fee approvals without notice and an opportunity to be heard, and by conducting a campaign to make it more difficult for attorneys to represent the disabled population. Dkt. No. 23 at 1; *see also* FAC at 15 ("Defendant

uses a nonpublic (secret) adjudication channel from its payment center to a 'Chief Regional Administrative Judge' without affording the parties a meaning [sic] opportunity to be heard."). It contends that Plaintiff "was never informed by any notice or rationale, or afforded a meaningful opportunity to respond to the SSA's action of approving attorney fees and then reducing the approved fee amount over a year later." Dkt. No. 23 at 9.

Liberally construing the complaint, the Court finds that Plaintiff has failed to plead a cognizable due process claim establishing deprivation of a protectable property interest. Because the complaint does not contain sufficient facts supporting a colorable due process violation as to the partial fee payments or purported retroactive altered fee awards, the Court grants the Agency's motion to dismiss for failure to state a claim. *Cf. Boettcher v. Secretary of Health and Human Serv.*, 759 F.2d 719, 722 (9th Cir. 1985) (finding that plaintiff whose challenge was not "wholly insubstantial, immaterial, or frivolous" stated a colorable constitutional claim). Accordingly, the Court grants the Agency's motion to dismiss Plaintiff's Due Process claim. The claim is dismissed without prejudice so that Plaintiff has another opportunity to adequately plead its due process allegation.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss without prejudice. Should Plaintiff choose to file an amended complaint, it must do so within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated: 5/24/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge