UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE WITH DISABILITIES FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 15-cv-02570-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

People with Disabilities Foundation ("Plaintiff" or "PWDF") is a § 501(c)(3) organization whose staff attorneys represented nine claimants in proceedings before the Social Security Agency ("Agency"). Dkt. No. 30 ("SAC") ¶¶ 17, 22; Dkt. No. 36 ("Opp.") at 1 n.2.[1] Plaintiff alleges that each claimant prevailed before the Administrative Law Judge and was awarded fees pursuant to either the "fee petition process" governed by 42 U.S.C. § 406(a)(1) or by the "fee agreement process" governed by § 406(a)(2). SAC ¶¶ 4-6. Plaintiff contends that after the expiration of time allotted in § 406(a)(3), Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, failed to pay some or all of the attorney's fees without providing reasonable notice or the opportunity to submit a written opposition. SAC ¶ 6. Plaintiff asserts a declaratory relief claim premised upon the alleged violations of 42 U.S.C. § 406(a), and a due process claim. SAC ¶¶ 64-71. Defendant has moved to dismiss the SAC for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Dkt. No. 34 ("Mot.") at 15-25; *see also* Fed. R. Civ. P. 12(b)(1), (b)(6). The motion is **GRANTED WITHOUT LEAVE TO AMEND.**[2]

---

[1] Although Plaintiff originally made allegations relating to ten claimants, SAC ¶ 22, it subsequently withdrew allegations relating to one of them, Opp. at 1 n.2.
[2] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. See N.D. Civ. L.R. 7-1(b).

## I. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the Court has subject matter jurisdiction over an action. *See Assoc. of Am. Medical Colleges v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).

"A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either 'facially' or 'factually.'" *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In resolving a "facial" attack, a court limits its inquiry to a plaintiff's allegations, which are taken as true, and construes the allegations in the light most favorable to the plaintiff. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

In contrast, "[i]n resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039.

> Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

*Id.* (internal quotation marks omitted)).

### B. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

## II. DISCUSSION

Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331; jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 701-06 ("APA"); and mandamus jurisdiction under 28 U.S.C. § 1361. In dismissing the First Amended Complaint, Dkt. No. 20 ("FAC"), the Court already considered whether there was jurisdiction under any of these statutes, the Social Security Act, or the Declaratory Judgment Act. *See* Dkt. No. 29 (*People with Disabilities Found. v. Colvin*, No. 15-cv-02570-HSG, 2016 WL 2984898, at *4-6 (N.D. Cal. May 24, 2016)). The Court found that Plaintiff had failed to allege that the United States had unequivocally waived its sovereign immunity under any statute. *Id.* at *4; *see also Rattlesnake Coal. v. U.S. E.P.A.*, 509 F.3d 1095, 1103 (9th Cir. 2007) (holding that the federal courts lack subject matter jurisdiction over claims brought against a federal agency unless the United States has waived its sovereign immunity); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." (internal quotation marks omitted)).

The Court ruled that the relevant attorney fee provision of the Social Security Act, 42 U.S.C. § 406(a), did not waive sovereign immunity. *See Colvin*, 2016 WL 2984898, at *4; *see also Binder & Binder P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) ("[T]he Social Security Act's fee provision, 42 U.S.C. § 406(a), does not waive sovereign immunity . . . ."); *In re Handel*, 570

3

F.3d 140, 144 (3d Cir. 2009) ("[42 U.S.C. § 406] is not a waiver of sovereign immunity, but rather a statutory interference with the attorney client contractual relationship which would otherwise be determined by the marketplace for legal services." (internal quotation marks omitted)); *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) ("Section 406 'cannot be construed as a waiver of immunity' because it 'contemplates payment of the fee award by the *claimant*, out of past-due benefits, rather than by the government, out of general funds.'" (emphasis in original)).

Moreover, the Court found that the grants of jurisdiction under the federal question and mandamus statutes, 28 U.S.C. §§ 1331 and 1361, did not waive sovereign immunity, and that the Declaratory Judgment Act provided no independent basis for jurisdiction. *Colvin*, 2016 WL 2984898, at \*6; *see also Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("28 U.S.C. § 1331 . . . cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity."); *Pit River Home & Agric. Co-op Ass'n v. United States*, 30 F.3d 1088, 1098 n.5 (9th Cir. 1994) (declaring that the Mandamus Act's grant of jurisdiction over mandamus actions does not constitute a waiver of sovereign immunity); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (ruling that the Declaratory Judgment Act merely expands the scope of remedies a federal court may award without providing any independent basis for jurisdiction).

Finally, the Court held that the APA was not a basis for the suit because Plaintiff did not "allege a nondiscretionary duty to act." *Colvin*, 2016 WL 2984898, at \*6; *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("[The APA] empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing *how* it shall act.'" (emphasis added)). The Court explained that, "[a]s Plaintiff acknowledged at the hearing, Plaintiff can obtain its fees from the Agency or the claimant. Because there is no support for the argument that the Agency *must* pay the representative directly, sovereign immunity is not waived through the APA." *Colvin*, 2016 WL 2984898, at \*6 (emphasis in original).

In dismissing Plaintiff's cause of action alleging violations under the Social Security Act for payment of attorneys' fees, the Court issued the following requirements:

4

> Plaintiff's second amended complaint must identify a specific nondiscretionary duty and its legal source. The legal source must specifically identify the source of the Agency's duty to pay representatives directly (as opposed to representatives obtaining payment from the claimant). A cite to the Agency's general duty to award attorneys' fees, or to § 406 without more, will not suffice. *Failure to comply will result in dismissal of this claim with prejudice.*

*Id.* at *6 (emphasis added). Nonetheless, Plaintiff has done exactly what the Court said it could not do. *See id.* at *6; SAC ¶¶ 12-14. In the jurisdictional section of the SAC, Plaintiff cites exclusively to § 406, apart from the paragraph summarizing the Court's prior order dismissing the FAC, and a lone quotation purportedly to section 5106 of the Omnibus Budget Reconciliation Act of 1990, *see* SAC ¶¶ 12-14, which is actually to a secondary source summarizing section 5106, *see Social Security Related Legislation in 1990*, Social Security Bulletin, May 1991, at 20 ("In cases where a claimant and an attorney or other representative submit a written agreement to the Secretary, a fee of up to the lesser of 25 percent of past-due benefits or $4,000 is to be paid to the attorney automatically.") Once again, Plaintiff has failed to allege a nondiscretionary duty to act by the Social Security Administration, given that Plaintiff can obtain fees either from the Agency or the claimant. This cannot suffice. The Court again finds that Plaintiff has failed to allege that the United States waived sovereign immunity under any statute.

As recognized in the Court's prior order, a colorable constitutional claim is an exception to the doctrine of sovereign immunity. *See Colvin*, 2016 WL 2984898, at *6; *see also Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("[W]hen constitutional questions are in issue, the availability of judicial review is presumed . . . ."); *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) ("[T]he *Sanders* exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." (quoting *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997))); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("[A] colorable constitutional claim . . . must be supported by facts sufficient to state a violation of substantive or procedural due process." (internal quotation marks omitted)). Here, Plaintiff asserts that there is federal question jurisdiction under 28 U.S.C. § 1331 because it is challenging the Agency's alleged failure to comply with 42 U.S.C. § 406(a)(3). *See* SAC ¶¶ 8-11. The review procedures of

section 406(a)(3) apply only when a claimant, representative, or adjudicator who decided the claim timely requests a modification of the maximum fee award under a fee agreement. *See* 42 U.S.C. § 406(a)(3); Dkt. 34-1, Ex. A, *Hearing Appeals Litigation & Law Manuel* ("HALLEX"), I-1-2-44, at 1.[3] Yet Plaintiff fails to allege that any such request was made here. For this reason, the Court has serious questions about whether Plaintiff has pled facts raising a colorable due process claim, such that the Court has jurisdiction to hear the claim.

But even assuming *arguendo* that the Court has jurisdiction to reach the merits, Plaintiff has nonetheless failed to state a cognizable due process claim plausibly establishing deprivation of a protectable property interest. "[A] due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Erickson v. U.S. ex rel. Dep't of Health & Human Servs.*, 67 F.3d 858, 861 (9th Cir. 1995) (internal quotation marks omitted). "The Constitution itself creates no property interests . . . ." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). Rather, "to have a property interest in a benefit, a person must have 'a legitimate claim of entitlement to it.'" *Erickson*, 67 F.3d at 862 (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). "Entitlements are created by rules or understandings from independent sources, such as statutes, regulations, and ordinances, or express or implied contracts." *Id.* (internal quotation marks omitted). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005); *see also United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014) ("'[A] legitimate claim of entitlement . . . typically requires an individual to demonstrate that an existing law, rule, or understanding makes the conferral of a benefit 'mandatory.'").

The section of the SAC containing Plaintiff's due process allegations is very unclear, but in

---

[3] Defendant has filed a request for judicial notice ("RJN"). Dkt. No. 34-1. The Court **GRANTS** the RJN as to Exhibit A, which contains HALLEX provisions that are publically available on the Administration's website. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) ("[C]ourts routinely take judicial notice of 'records and reports of administrative bodies[.]'" (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). Agency policies set forth in the HALLEX, while not binding, are persuasive authority. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010). The Court **DENIES AS MOOT** the RJN as to Exhibits B, C, D, E, F, and G.

6

light of the preceding portions of the complaint (which Plaintiff incorporates by reference), Plaintiff's due process allegations appear to boil down to the following: (1) Defendant was required to withhold past due benefits awarded to the claimants that Plaintiff's attorneys represented and to pay these benefits to Plaintiff because fees were past due in each of these cases; (2) Plaintiff had a property interest in these fees; and (3) Defendant failed to give Plaintiff notice or opportunity to submit written objections regarding Defendant's nonpayment of these fees. Compl. ¶¶ 22, 69-71. With two irrelevant exceptions, Plaintiff states specific dollar figures for the remaining balance of fees allegedly due.[4] *See id.* ¶¶ 27, 31, 37, 42, 44, 48. However, the cases cited by Plaintiff cannot plausibly support the proposition that Plaintiff has a property interest in these specific fees. *See id.* ¶ 70 (citing *Buchanan v. Apfel*, 249 F.3d 485 (6th Cir. 2001) and *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *see also* Opp. at 3 (same). In *Buchanan*, the Sixth Circuit declined to reach the issue of whether an attorney had a property interest in fees for representing disability benefits claimants before the Commissioner of Social Security. *See* 249 F.3d at 490. *Mathews* merely reaffirmed that a *claimant's* interest in the "continued receipt of [Social Security] benefits is a statutorily-created 'property' interest protected by the Fifth Amendment." *See* 424 U.S. at 332.

Moreover, only representatives may receive fees and only individuals (not entities) may be appointed as representatives. Under the regulations, "[r]epresentative means an *attorney* who meets all of the requirements of § 404.1705(a), or a *person* other than an attorney who meets all of the requirements of § 404.1705(b), and whom you appoint to represent you in dealings with us." *See* 20 C.F.R. § 404.1703 (emphasis added). "[E]ntity" is defined separately, and includes "not-for-profit organizations" like Plaintiff. *See id.* Under the section entitled "Who may be your representative," the regulations only envision representation by an "[a]ttorney" or a "person" who is "not an attorney," without any mention of representation by an entity like PWDF. *See* 20 C.F.R. § 404.1705(a)-(b); *see also* 20 C.F.R. § 404.1705(c) ("We may refuse to recognize the

---

[4] The two exceptions are irrelevant because they cannot support a due process claim. There is no allegation regarding lack of notice relating to claimant McShane. *See* Compl. ¶¶ 55-60. There is no allegation that fees were ever approved relating to Claimant Velasco. *See id.* ¶¶ 61-63.

7

*person* you choose to represent you if the *person* does not meet the requirements in this section. We will notify you and the *person* you attempted to appoint as your representative if we do not recognize the *person* as a representative." (emphasis added)). Other sections of the regulations similarly support the conclusion that a representative must be a natural person as opposed to an entity. *See, e.g.*, 20 C.F.R. §§ 404.1707, 1717, 1740. Here only PWDF, not the individuals who represented the claimants, is a plaintiff. Neither the statute nor the regulations provide any grounds for concluding that the property interest of individual attorneys, if any, extends to an entity such as Plaintiff. *See* 42 U.S.C. § 406(a); 20 C.F.R. §§ 404.1700-30.[5]

Ultimately, Plaintiff has failed to allege that the United States waived sovereign immunity under any statute. Even assuming that the Court has jurisdiction to reach the merits, Plaintiff has failed to state a cognizable due process claim, even construing the SAC in the light most favorable to Plaintiff. Without any underlying claim left upon which to base federal subject matter jurisdiction, Plaintiff's declaratory relief claim also fails. *See Diamond Real Estate v. Am. Brokers Conduit*, No. 16-cv-03937-HSG, 2017 WL 412527, at *10 & n.13 (N.D. Cal. Jan. 31, 2017) (citing numerous cases holding that "where the plaintiff's underlying claim[] fail[s], so too does [its] declaratory relief claim"). Plaintiff's action must therefore be dismissed. Furthermore, the Court does not grant leave to amend because Plaintiff could not possibly cure its pleading by alleging other facts, *see Lopez v. Smith*, 203 F.3d 1122, and has failed to correct the deficiencies detailed in the Court's prior order of dismissal, *see Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave to amend where court advised plaintiff of pleading deficiencies but plaintiff failed to correct those deficiencies in amended pleading).

//

//

//

---

[5] The Court need not, and therefore does not, reach the question of whether individual attorneys have such a property interest under the Due Process Clause. In addition, because Plaintiff has not overcome the threshold requirement of plausibly stating a property interest, the Court does not reach the issue of whether plaintiff received adequate notice.

8

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's SAC is **GRANTED WITHOUT LEAVE TO AMEND.** The clerk is directed to close the case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: 4/19/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge